FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2012 MAR 15 PM 3:09

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 4:12 po 3000 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **PLEA AGREEMENT** |
| FARMERS UNION COOPERATIVE ) | |
| SUPPLY COMPANY, ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and William W. Mickle, II, Assistant United States Attorney, and defendant, Farmers Union Cooperative Supply Company, and Rocky C. Weber, counsel for defendant, as follows:

I

**THE PLEA**

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to an Information. Count I charges a violation of Title 29, United States Code, Section 666(e).

B.  Upon entry of Judgment of Conviction and the payment of the criminal fine set out in paragraph V A. herein, the United States Attorney's office for the District of Nebraska agrees it will not prosecute Farmers Union Cooperative Supply Company, its parent, affiliates, divisions or subsidiaries, or any of their current or former directors, officers, employees or agents for any other offenses which were the subject of the investigation conducted by the United States Attorney for the District of Nebraska, including the conduct set forth in the Information.

II

**NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED.

The elements of Title 29, United States Code, Section 666(e) include:

1) Farmers Union Cooperative Supply Company is an "employer" as defined under the OSHA Act;

2) Farmers Union Cooperative Supply Company violated by act or omission, a standard, rule or order promulgated pursuant to the Act, or any regulation prescribed under the Act;

3) the violation was willful, in that it was committed with either an intentional disregard or plain indifference to the requirements of the Act; and

4) the violation caused the death of an employee.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1.  Farmers Union Cooperative Supply Company (Farmers), a Nebraska Corporation with facilities in Clarkson and Stanton, Nebraska, engaged in business affecting interstate commerce.

On the morning of June 19, 2009, Donald Stodola, an employee of Farmers at the Stanton, Nebraska, grain elevator, was found by another employee lying at the bottom of the "boot pit" area of the elevator, the area under the floor of the elevator where trucks load and unload grain. The second employee, who entered the confined space to assist Stodola, experienced difficulty breathing while in the "boot pit", and lost consciousness for several moments as he emerged from the space. Emergency personnel with self-contained breathing units extracted Mr. Stodola, who was pronounced dead at the scene. An autopsy performed on Stodola's body revealed he had died of asphyxiation.

Air samples of the atmosphere within the "boot pit" were taken, and approximately five feet into the pit, the oxygen concentration was found to be 13.9% oxygen. Approximately eight feet into the pit a reading of 11.6% oxygen was obtained and near the bottom of the pit the oxygen concentration was 8.6%.

Pursuant to 29 C.F.R. § 1910.146(b)(3) oxygen concentration below 19.5% qualifies as a "hazardous atmosphere", or an atmosphere that may expose employees to the risk of death or incapacitation. A carbon dioxide measurement of 25,000 parts per million was also obtained from within the pit. An atmosphere with a carbon dioxide concentration of greater than 5,000 parts per million also qualifies as a hazardous atmosphere. An investigation by OSHA investigators revealed Farmers knew of the testing requirements for permit-required confined spaces, and had developed a safety program and written safety manual, pursuant to which Farmer's was to identify and evaluate all confined spaces at the Stanton facility to determine whether they were permit-required spaces, and to enact appropriate safety measures. However, contrary to the requirements of 29 C.F.R. § 1910.146(d) and 1910.146(k):

   a) no testing of the atmosphere within the "boot pit" area occurred before Mr. Stodola entered the confined space on June 19, 2009 because no equipment to test or monitor the atmospheric conditions within the pit or other confined spaces was available;

   b) no attendant was present outside the "boot pit" while Mr. Stodola went into the space; and

   c) no equipment to assist and facilitate Mr. Stodola's escape from the "boot pit" in an emergency situation was present on site or utilized on June 19, 2009.

The events identified above occurred within the District of Nebraska.

### III

### **PENALTIES**

A.   COUNT I.   Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

   1.   A maximum 6 months in prison;

   2.   A maximum $500,000.00 fine;

   3.   A mandatory special assessment of $50 per count; and

3

4.   A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## PARTIES' SENTENCING RECOMMENDATIONS

A.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree subject to the Court's approval of this Plea Agreement, within ninety(90) days of the entry of the guilty plea, Farmers Union Cooperative Supply Company will pay a total criminal fine of One hundred thousand dollars ($100,000.00). Farmers Union Cooperative Supply Company also agrees to pay the special assessment of fifty dollars ($50.00) to the Clerk of the United States District Court on or before the date of the arraignment on the charge set forth in paragraph I A above.

B.   Farmers Union Cooperative Supply Company has agreed to enter into a separate Stipulation and Settlement Agreement (Administrative Agreement) with the United States Department of Labor, which has been executed simultaneously with this Plea Agreement. Farmers Union Cooperative Supply Company agrees to comply with all terms of said Administrative Agreement, and understands that any material failure to abide by the terms of the Administrative Agreement could constitute grounds for voiding this Plea Agreement.

C.   The parties agree that, in addition to payment of the criminal fine set out above, the sentence will also include a two year period of probation, during which Farmers will comply with the applicable OSHA regulations, will comply with terms of the Administrative Agreement, and will allow OSHA representatives to enter onto Farmers' premises and inspect without assertion of its 4th Amendment rights.

D.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)   The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth

Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

       (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

### BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

### SCOPE OF AGREEMENT

A.  This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.  Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $50.  The defendant will make this payment at or before the time of sentencing.

C.  It is agreed that if the Court refuses to accept any provision of this Plea Agreement, neither party shall be bound by any of its provisions, the United States may seek to dismiss the Information without prejudice and Farmers Union Cooperative Supply Company will not object to such dismissal, Farmers Union Cooperative Supply Company may withdraw its guilty plea if such a plea has been entered, and no statement in this Plea Agreement or its attachments will be admissible against either party in any proceedings.

It is further agreed that if the Occupational Safety and Health Commission refuses to approve the Administrative Agreement referred to in this Plea Agreement, Farmers Union Cooperative Supply Company may, at its option, withdraw its plea of guilty, if such plea has been entered and no statement in this Plea Agreement or its attachments will be admissible against either party in any proceedings.

D.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

7

### X

### **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

### XII

### **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_March 12, 2012_  
Date

_[signature]_  
WILLIAM W. MICKLE, II
ASSISTANT U.S. ATTORNEY

_March 9, 2012_  
Date

_By [signature] on behalf of Farmers Union Cooperative Supply Co._
FARMERS UNION COOPERATIVE
SUPPLY COMPANY
DEFENDANT

_March 9, 2012_  
Date

_[signature]_  
ROCKY C. WEBER
COUNSEL FOR DEFENDANT

8